Simon Mkrtychan (SBN 285066)
Simon@Mkrtychanlaw.com
**MKRTYCHAN LAW, APC**
500 N. Brand Blvd., Ste. 2000
Glendale, CA 91203
Telephone: 818-717-7372
Facsimile: 818-717-7372

Robert Stanford Brown (SBN 187845)
rstanfordbrown@gmail.com
**ROBERT STANFORD BROWN, APC**
3701 Wilshire Blvd., Ste. 1135
Los Angeles, CA 90010
Telephone: 213-745-8641
Facsimile: 213-261-3906

Attorneys for Plaintiff, Gabriel Frank Sais

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GABRIEL FRANK SAIS,<br><br>     Plaintiff,<br><br>     v.<br><br>CITY OF HUNTINGTON BEACH, a municipal corporation; OFFICER MUNOZ, in his individual and official capacities; OFFICER SWAIN, in his individual and official capacities, and DOES 1-10 inclusive,<br><br>     Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF**<br><br>1.  Civil Rights Violations (42 U.S.C. § 1983)<br>2.  Excessive Force<br>3.  Unlawful Arrest<br>4.  State Law Tort Claims<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

1

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

Plaintiff, complaining of the Defendants, alleges and says:

**PARTIES**

1.     Plaintiff GABRIEL FRANK SAIS ("Plaintiff") is, and at all times relevant herein was, a resident of Victorville, California.

2.     Defendant CITY OF HUNTINGTON BEACH ("City") is a municipal corporation organized and existing under the laws of the State of California, with its principal place of business in Huntington Beach, California.  Plaintiff is informed and believes, and thereon alleges, that the Huntington Beach Police Department is a department, agency, and/or subdivision of the City.  The City is liable for the acts and omissions alleged herein, including pursuant to 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), and is further vicariously liable for the tortious conduct of its officers, employees, and agents acting within the course and scope of their employment pursuant to Cal. Gov't Code § 815.2 and Cal. Civ. Code § 2338.

3.     Defendant OFFICER MUNOZ (Badge No. 1128) ("Officer Munoz") is, and at all times relevant herein was, a sworn peace officer employed by the Huntington Beach Police Department.  Plaintiff is informed and believes, and thereon alleges, that Officer Munoz was acting under color of state law and within the course and scope of his employment at all times relevant to this action.  Officer Munoz is sued in his individual and official capacities.

4.     Defendant OFFICER SWAIN (Badge No. 6044) ("Officer Swain") is, and at all times relevant herein was, a sworn police officer employed by the Huntington Beach Police Department.  Plaintiff is informed and believes, and thereon alleges, that Officer Swain was acting under color of state law and within the course and scope of his employment at all times relevant to this action.  Officer Swain is sued in his individual and official capacities.

5.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues such Defendants by fictitious

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each DOE Defendant participated in, authorized, directed, ratified, supervised, encouraged, acquiesced in, and/or otherwise caused the acts, omissions, constitutional violations, and injuries alleged herein and is therefore liable to Plaintiff.

6.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times each Defendant was the agent, employee, servant, representative, partner, joint venturer, alter ego, and/or co-conspirator of each of the remaining Defendants and, in doing the things alleged herein, was acting within the course and scope of such relationship, agency, employment, authority, and/or conspiracy, with the knowledge, consent, authorization, ratification, and approval of the remaining Defendants.

7.    At all times mentioned herein, Defendants City, Officer Munoz, Officer Swain, and DOES 1 through 10 were acting under color of the statutes, ordinances, regulations, customs, policies, and usages of the State of California and Defendant City.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this Complaint arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983 and the U.S. Const. amends. I, IV.

9.    This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy under U.S. Const. art. III.

10.    This Court has personal jurisdiction over Defendant City of Huntington Beach because it is a public entity/municipal corporation formed under the laws of California with a principal place of business in Huntington Beach, County of Orange, and within this judicial district.

11.    This Court has personal jurisdiction over Defendant Officer Munoz because he operates as a law enforcement officer within the State of California, is employed by a

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

municipality within this judicial district, and the omnibus of tortious and unconstitutional conduct alleged herein occurred within the County of Orange, State of California, and within this judicial district.

12. This Court has personal jurisdiction over Defendant Officer Swain because he operates as a law enforcement officer within the State of California, is employed by a municipality within this judicial district, and the omnibus of tortious and unconstitutional conduct alleged herein occurred within the County of Orange, State of California, and within this judicial district.

13. Venue is proper in the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), because a substantial part of the events giving rise to the claims occurred in the City of Huntington Beach, which is located within this judicial district and division, and the Defendants reside and/or conduct business within this district and division.

## FACTS COMMON TO ALL CAUSES OF ACTION

### I. The Incident and the Exercise of First Amendment Rights

14. On June 28, 2025, Plaintiff was lawfully present on a public beach in Huntington Beach, California, near Lifeguard Towers 1 and 2. Plaintiff was accompanied by three minor children for whom he was the sole adult supervisor responsible for their care and safety: his son, Tyson Sais (age 12 at the time); his niece, Lily Wood (age 12 at the time); and his neighbor's daughter, Reneeah Thornton (age 14 at the time). While on the beach, Plaintiff observed a concentrated police presence forming a perimeter in the immediate vicinity, which was, on information and belief, established in response to an incident involving a homeless man with a knife, a matter of public interest. Concerned by the law enforcement deployment, Plaintiff began exercising his First Amendment rights by using his cellular phone to engage in citizen journalism and record the police activity.

15. Plaintiff walked toward the scene in a complete and total non-threatening manner, remained several feet outside the established perimeter, did not cross any

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

physical barriers, and continued walking as he recorded.  At no point did Plaintiff verbally or physically interfere with the officers' duties or the ongoing investigation.  Instead, Plaintiff was peacefully exercising his clearly established First Amendment right to record police activity in a public forum.

## II.    The Unprovoked Confrontation and Failure to De-escalate

16.    Despite Plaintiff's compliant and non-threatening conduct, Defendant Officer Munoz abruptly broke the police perimeter, stopped what he was doing without any reason or provocation, and approached Plaintiff from approximately fifteen feet away, asking, "What are you doing?"  Plaintiff responded that he was walking.  Shortly thereafter, Defendant Officer Swain arrived and joined the confrontation.  The officers' decision to confront and detain Plaintiff was entirely motivated by his recording of their activities and there was no other reason, cause, or provocation for either officer to stop what they were doing and approach Plaintiff.

17.    Both Officer Munoz and Officer Swain exhibited an aggressive demeanor. Sensing the escalating danger, Plaintiff repeatedly asked the officers to de-escalate the encounter and requested that a supervisor or sergeant be called to the scene.  Officer Munoz hostilely responded that he was "the" sergeant and refused to summon any other supervisor.  There were several additional officers (Defendant Officers DOES 1-5) within or near the perimeter.  Recognizing the threat, Plaintiff pleaded out loud to these bystander officers to intervene and help de-escalate the situation.  No help was forthcoming.  Plaintiff specifically called out to an officer he believed to be a sergeant (Defendant Sergeant DOE 6), crying out, "Hey sergeant, help."  Instead of intervening to prevent the civil rights violations, that officer deliberately ignored Plaintiff's pleas and mockingly waved "bye" to him.

## III.    The Unlawful, Forceful Arrest and Confiscation of Evidence

18.    Without stating any legal basis for their actions, informing Plaintiff that he

5

was under arrest, or administering *Miranda* warnings, Officer Munoz and Officer Swain proceeded to forcibly seize and physically restrain Plaintiff. Despite the fact that Plaintiff was entirely compliant and did not resist arrest in any way, Officer Munoz and Officer Swain utilized unnecessary physical aggression and excessive force. The officers roughly grabbed Plaintiff by the shoulders, aggressively slammed and slapped handcuffs against his wrists, and forcefully pulled and jerked him up from the ground as they rushed him to a police vehicle.

19. During the course of this unlawful arrest, Officer Munoz and Officer Swain confiscated Plaintiff's cellular phone, which contained the recorded evidence of the police activity. Upon information and belief, to cover up their unlawful conduct, the officers subsequently falsified their police reports and fabricated evidence, writing the reports in a manner that completely misled readers into believing Plaintiff resisted or obstructed justice, despite knowing Plaintiff was entirely innocent.

**IV.    Reckless Abandonment of the Minor Children**

20. Prior to and during the arrest, Plaintiff repeatedly, clearly, and vehemently informed Officer Munoz and Officer Swain that he was the sole adult supervisor responsible for the three minor children present on the beach. Plaintiff repeatedly begged for the opportunity to secure care for the children, contact their families, or arrange for their custody. In response to these urgent pleas for the children's safety, Defendant Officer Munoz callously replied, "I don't care."

21. The officers utterly failed to make any arrangements to safeguard, assist, or transfer custody of the minors to another adult. Instead, acting recklessly, intentionally, maliciously, and with deliberate indifference to the safety and well-being of the children, the officers removed Plaintiff from the scene, leaving three young children entirely unattended and abandoned on a highly crowded public beach without supervision, financial resources, or any knowledge of Plaintiff's location or status. The experience of being forcibly separated from the children, not knowing whether the children possessed

6

cellular phones to call for assistance, knowing they were completely abandoned in a vast public space without adult supervision, and remaining in total ignorance regarding their immediate well-being, safety, physical condition, and whereabouts caused Plaintiff to suffer severe emotional distress, overwhelming worry, paralyzing anxiety, and a profound fear of imminent harm coming to the children.

22.     As a direct result of this abandonment, the minor children were left in a state of extreme vulnerability, experiencing a traumatic, shocking, and terrifying ordeal.  For approximately two hours, the children remained in a state of high distress, severe anxiety, and panic.  Tyson Sais was crying, and all three children feared for their personal safety and the imminent risk of abduction.  Left with no other options, the children had to seek help on their own and eventually located a lifeguard at a tower.  The lifeguard informed the children that if an adult did not come to retrieve them, they would be taken to the police station, causing the children further severe emotional distress.  The harm caused to and experienced by the children further aggravated, exacerbated, and compounded the emotional distress sustained by Plaintiff in relation to the children and their wellbeing.

## V.     Unlawful Detention, Jail Abuse, and the Destruction of Evidence

23.     Plaintiff was transported to a holding facility and incarcerated for several hours, remaining detained until nighttime.  While imprisoned, Plaintiff was initially granted a phone call and was able to contact his brother and inform him of the children's peril.  While in jail, law enforcement officers (Defendant Officers DOES 7-8) photographed Plaintiff's tattoos and interrogated him regarding gang affiliations in a clear and baseless attempt to profile him and unlawfully enter him into a gang database. Plaintiff does not have any gang affiliations, and the insinuation alone is insulting to him. Plaintiff suffered further humiliation by the officers' attempts to malign him and criminally treat him as a gang affiliate.

24.     Furthermore, while in his cell, Plaintiff observed an officer (Defendant Officer DOE 9) behaving aggressively toward a Mexican American inmate and utilizing

explicit racial slurs.  When Plaintiff professionally intervened and requested that the officer refrain from using racial slurs, the officer retaliated with aggression, cursed at Plaintiff, and punitively ordered Plaintiff to be moved into the "drunk tank," despite knowing Plaintiff was completely sober.  When Plaintiff was relocated, he was moved to a cell without telephone privileges and was once again cut off from the outside world and unable to speak with anyone about the location and wellbeing of the children.

25.     Eventually, Plaintiff was cite-released from jail.  Crucially, when Plaintiff's cellular phone was returned to him upon his release, the recording he had made of the police activity was completely gone from the device.  The permanent disappearance and deletion of this recording occurred while the phone was under the exclusive custody, control, and possession of Defendants Officer Munoz, Officer Swain, the Huntington Beach Police Department, and DOES 1 through 10.

## VI.     Fabricated Charges, Dismissal, and Administrative Findings

26.     Plaintiff was issued a criminal citation with an initial court appearance date of September 5, 2025.  Plaintiff called the court both the day before and the day of his scheduled appearance and was informed by court staff that no charges had been filed and that he did not need to appear.  However, Plaintiff later discovered that law enforcement had subsequently pushed forward with the fabricated allegations, resulting in an active arrest warrant being issued against him.  Plaintiff was forced to take time off from work and personally go to court to clear the warrant.  At the courthouse, a Deputy District Attorney reviewed the file, expressed outright surprise that Plaintiff had been arrested simply for filming police activity, and stated that they could find absolutely nothing in the evidence indicating Plaintiff had committed any crime.  The prosecution asked for a dismissal in open court when the matter was called, and a minute order was issued reflecting a total dismissal of the matter.  No criminal charges were ever sustained or successfully prosecuted against Plaintiff.

27.     Following this harrowing event, Plaintiff filed a formal personnel complaint

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

with the Huntington Beach Police Department.  On December 17, 2025, Huntington Beach Police Department Chief Eric Parra issued an official disposition letter regarding the internal investigation.  While Chief Parra classified the allegation of an unjustifiable arrest as "Unfounded" based on the officers' fabricated accounts of probable cause, Chief Parra officially classified the allegation that the officers failed to properly arrange for the care of the children under Plaintiff's care as "**Sustained**."  This administrative finding confirmed that the actions of Officer Munoz and Officer Swain directly violated department policy.

28.    Furthermore, Plaintiff is informed and believes that when Tyson Sais's mother subsequently called the Huntington Beach Police Department to complain about her children being abandoned on the beach, Defendant Officer Munoz explicitly lied to her, falsely claiming that Plaintiff had never mentioned having children with him during the encounter.

### VII.   Municipal Liability and Damages

29.    Upon information and belief, Defendant Officer Swain had a prior history of discipline, aggressive misconduct, or forced transfer issues at a previous police department.  The City of Huntington Beach knew or should have known of these propensities but failed to adequately investigate, hire, train, and supervise its officers, including Defendants Officer Munoz and Officer Swain.  The administrative finding that the officers violated department policy further demonstrates that the City's hiring, training, and supervisory practices were wholly inadequate to prevent predictable constitutional violations of this nature.

30.    As a direct and proximate result of the Defendants' willful, wanton, malicious, oppressive, and reckless conduct, Plaintiff suffered a severe loss of liberty, profound emotional distress, public humiliation, the violation of his constitutional rights, and economic losses.  Additionally, as a direct and proximate result of the Defendants' deliberate indifference, the three minor children suffered severe emotional distress, lasting

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

psychological trauma, fear, anxiety, and recurring nightmares regarding abandonment, which further aggravated, exacerbated, and caused damages, harm, and emotional distress to Plaintiff.

31.     At all times mentioned herein, Defendants Officer Munoz and Officer Swain were acting within the course and scope of their employment as sworn police officers for Defendant City.

32.     The impact of the aforementioned incidents on Plaintiff's mental and emotional well-being has been profound.

## STATE LAW GOVERNMENT TORT CLAIM COMPLIANCE

33.     On December 29, 2025, pursuant to Cal. Gov't Code § 910 (California Government Claims Act), Plaintiff timely filed a formal, written Government Tort Claim with City, setting forth the facts, circumstances, and damages resulting from the unconstitutional, unlawful, and tortious conduct of the City and its police officers as alleged herein.  Subsequent thereto, City issued a notice explicitly rejecting and denying Plaintiff's Government Tort Claim.

34.     Accordingly, Plaintiff has fully complied with, and exhausted, all applicable administrative remedies under the California Government Claims Act prior to commencing this action as to all state-law causes of action asserted herein.

## CLAIMS FOR RELIEF (FEDERAL)

**Claim I – Violation of First Amendment Rights in Violation of 42 U.S.C. § 1983**

(Against Defendants Officer Munoz, Officer Swain, and DOES 1-10)

35.     Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

36.     Plaintiff was engaged in constitutionally protected conduct under the First Amendment to the United States Constitution by lawfully presenting himself on a public

10

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

beach and exercising his right to record public law enforcement activity from a safe distance outside an established police perimeter.

37.    Plaintiff did not interfere with any police investigation, did not cross any physical barriers, and did not verbally or physically obstruct the officers' duties.  The right to peacefully record police activity in a public forum is clearly established under Ninth Circuit precedent.

38.    Defendants' actions would chill a person of ordinary firmness from continuing to engage in protected First Amendment activity.  The unprovoked confrontation, forcible seizure, physical aggression, confiscation and subsequent purging of the cellular recording device, and false arrest without legal justification would deter a person of ordinary firmness from recording public police activity in the future.  Indeed, Plaintiff has been severely deterred from recording police activity in the future, and other members of the public present on the scene ceased recording upon witnessing Defendants' aggressive retaliation.

39.    Plaintiff's protected activity was the substantial and motivating factor behind Defendants' conduct.  Defendants Officer Munoz, Officer Swain, and DOES 1-10 stopped their duties, broke the established police perimeter, and aggressively confronted Plaintiff for the sole reason that Plaintiff was recording law enforcement actions.  Their actions were intentional, willful, deliberate and aimed at preventing Plaintiff from exercising said First Amendment rights as well as retaliating against Plaintiff for having already lawfully and compliantly exercised his First Amendment rights as described herein.

40.    At all times relevant to this Complaint, Defendants Officer Munoz, Officer Swain, and DOES 1-10 acted under color of state law in their capacities as sworn police officers employed by the Huntington Beach Police Department.

41.    As a direct and proximate result of Defendants' willful and retaliatory violations of Plaintiff's First Amendment rights, Plaintiff suffered a loss of liberty, profound emotional distress, public humiliation, and the permanent destruction of vital exculpatory evidence.

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

**Claim II – Violation of Fourth Amendment Rights (Unlawful Seizure and False Arrest) in Violation of 42 U.S.C. § 1983**

(Against Defendants Officer Munoz, Officer Swain, and DOES 1-10)

42.    Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

43.    Defendants Officer Munoz, Officer Swain, and DOES 1-10 forcibly seized, physically restrained, handcuffed, and arrested Plaintiff without a warrant, without consent, and without any stated legal basis or probable cause.

44.    The seizure of Plaintiff was entirely unreasonable under the Fourth Amendment to the United States Constitution.  Plaintiff was lawfully present on a public beach, was compliant, did not resist, did not obstruct any law enforcement personnel, and was simply engaged in protected First Amendment filming in public.  No objective, reasonable officer could believe probable cause existed to arrest Plaintiff.

45.    To justify the unlawful arrest, Defendants intentionally fabricated and exaggerated facts in their police reports to make it appear as though Plaintiff resisted or obstructed justice, despite knowing Plaintiff was entirely innocent of these fabricated allegations and charges.

46.    At all times relevant to this Complaint, Defendants Officer Munoz, Officer Swain, and DOES 1-10 acted under color of state law in their capacities as sworn police officers employed by the Huntington Beach Police Department.

47.    As a direct and proximate result of Defendants' unreasonable and unlawful seizure, Plaintiff was incarcerated for several hours, suffered an unconstitutional deprivation of liberty, severe emotional distress, public humiliation, and loss of income.

**Claim III – Violation of Fourth Amendment Rights (Excessive Force) in Violation of 42 U.S.C. § 1983**

(Against Defendants Officer Munoz, Officer Swain, and DOES 1-10)

12

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

48. Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

49. The Fourth Amendment protects individuals from the use of objectively unreasonable force by law enforcement officers during an investigatory stop, detention, or arrest.

50. Defendants Officer Munoz, Officer Swain, and DOES 1-10, acting under color of state law, intentionally used physical force against Plaintiff during their seizure and arrest of him. Specifically, Defendants roughly grabbed Plaintiff by the shoulders, aggressively slammed and slapped handcuffs against his wrists, forcefully pulled and jerked him from the ground, and physically rushed him to a police vehicle.

51. The force used by Defendants was objectively unreasonable under the totality of the circumstances. At all relevant times, Plaintiff was peaceful, compliant, non-threatening, and did not physically resist, obstruct, or interfere with the officers. Plaintiff was merely exercising his clearly established First Amendment right to record police activity in a public place from a lawful location outside the established perimeter. Plaintiff posed no immediate threat to the safety of the officers or others, made no furtive movements, and engaged in no conduct that would justify the use of force.

52. The governmental interests at stake were minimal or non-existent. Plaintiff was not committing a crime, Defendants lacked probable cause to arrest him, Plaintiff did not resist arrest or attempt to flee, and there were less intrusive means available to accomplish any legitimate law-enforcement objective. Under these circumstances, no reasonable officer would have believed that the level of force employed against Plaintiff was necessary or lawful. The force utilized by Defendants was excessive, unreasonable, and disproportionate to any legitimate law-enforcement need. Defendants acted intentionally, willfully, maliciously, and with reckless disregard for Plaintiff's constitutional rights.

53. At all times relevant to this Complaint, Defendants Officer Munoz, Officer

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

Swain, and DOES 1-10 acted under color of state law in their capacities as sworn police officers employed by the Huntington Beach Police Department.

54.     As a direct and proximate result of Defendants' use of excessive force, Plaintiff suffered physical pain, physical discomfort, emotional distress, humiliation, indignity, fear, anxiety, and the deprivation of rights secured by the Fourth Amendment to the United States Constitution.

## Claim IV – Violation of Fourth Amendment Rights (Unreasonable Search and Seizure of Property) in Violation of 42 U.S.C. § 1983)

(Against Defendants Officer Munoz, Officer Swain, and DOES 1-10)

55.     Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

56.     Defendants Officer Munoz, Officer Swain, and DOES 1-10 seized Plaintiff's personal property by forcibly confiscating his cellular telephone during his unlawful arrest.  Additionally, when Plaintiff was returned his cellular phone upon his release, he discovered that his recording of the subject incident was erased/not saved in his phone's memory.  As such, Plaintiff suffered both the unreasonable temporary seizure of his cellular phone as well as the permanent seizure and destruction of his digital property (the video recording/footage).

57.     The seizure of Plaintiff's personal property was completely unreasonable under the Fourth Amendment.  Defendants acted without a warrant, without consent, without lawful justification, and without any lawful exception to the warrant requirement. The seizure was unreasonable because it was conducted incident to an arrest that lacked probable cause and was undertaken in retaliation for Plaintiff's protected First Amendment activity of recording police conduct. Defendants further destroyed, deleted, or caused a failure to save Plaintiff's recorded footage, materially interfering with Plaintiff's possessory interests and unlawfully destroying evidence of the incident. The

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

seizure of the device and deletion of the footage were entirely pretextual, executed in bad faith, and intended to suppress and destroy the recorded evidence of the officers' public misconduct.

58.    At all times relevant to this Complaint, Defendants Officer Munoz, Officer Swain, and DOES 1-10 acted under color of state law in their capacities as sworn police officers employed by the Huntington Beach Police Department.

59.    As a direct and proximate result of Defendants' unconstitutional conduct and unlawful seizure of his property, Plaintiff suffered a loss of property and a permanent loss of the cellular video recording documenting the unconstitutional actions of the officers, which disappeared while the phone was in the exclusive custody and control of Defendants.  Additionally, Plaintiff also suffered loss of evidence, emotional distress, and other damages.

## Claim V – Violation of Due Process (Deliberate Fabrication of Evidence/*Devereaux* Claim) in Violation of 42 U.S.C. § 1983

(Against Defendants Officer Munoz, Officer Swain, and DOES 1-10)

60.    Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

61.    Plaintiff has a constitutionally protected due process right to be free from criminal investigations and prosecutions driven by fabricated evidence under the Fourteenth Amendment.

62.    Defendants Officer Munoz, Officer Swain, and DOES 1-10, acting under color of state law, deliberately fabricated, generated, and/or forwarded false and misleading information in their police reports and official documentation regarding their unlawful and unconstitutional arrest of Plaintiff.  Specifically, Defendants falsely reported that Plaintiff resisted or obstructed law enforcement, despite knowing that Plaintiff was fully compliant, non-threatening, and innocent of any criminal behavior.

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

63. Defendants Officer Munoz, Officer Swain, and DOES 1-10 continued their investigation and pushed for criminal proceedings against Plaintiff despite the fact that they knew or should have known that he was entirely innocent of charges they alleged against him in retaliation for his exercise of his First Amendment rights in a public forum.

64. The deliberate fabrication and forwarding of this false information directly caused a deprivation of Plaintiff's liberty, resulting in the initiation of criminal process, the subsequent issuance of an active arrest warrant, and forcing Plaintiff to take time off work to appear in court to clear the fabricated matter. The fraudulent nature of the evidence was confirmed when the Deputy District Attorney reviewed the file, expressed surprise at the arrest, noted a total absence of criminal behavior in the record, and dismissed the case at a warrant recall/arraignment hearing.

65. As a direct and proximate result of Defendants' deliberate fabrication of evidence, Plaintiff suffered a deprivation of liberty, financial loss, public humiliation, severe worry, and emotional distress.

### Claim VI – Malicious Prosecution in Violation of 42 U.S.C. § 1983

(Against Defendants Officer Munoz, Officer Swain, and DOES 1-10)

66. Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

67. Defendants Officer Munoz, Officer Swain, and DOES 1-10 initiated and pursued a criminal prosecution against Plaintiff by arresting him, generating fraudulent reports, and forwarding those fabricated charges to prosecutors.

68. The criminal proceedings were initiated entirely without probable cause, as Plaintiff was merely walking on a public beach exercising his First Amendment right to film. The lack of probable cause was explicitly acknowledged by the Deputy District Attorney, who noted the file contained no evidence of a crime. The criminal proceedings terminated in Plaintiff's favor, resulting in a total dismissal of the matter and a court-

issued minute order reflecting the same.

69.    Defendants acted with malice, personal animosity, and in bad faith.  They initiated the charges to penalize Plaintiff for filming them and to mask their own use of excessive physical force.  Defendants' malice is further evidenced by their total, reckless disregard for the safety of the three minor children left behind, with Defendant Officer Munoz explicitly stating "I don't care" when informed of the children's presence.

70.    At all times relevant to this Complaint, Defendants Officer Munoz, Officer Swain, and DOES 1-10 acted under color of state law in their capacities as sworn police officers employed by the Huntington Beach Police Department.

71.    As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered a deprivation of liberty, financial loss from missing work, public humiliation, and severe worry and emotional distress.

## Claim VII – Municipal Liability (*Monell*) for Ratification and Failure to Train, Investigate, and Supervise in Violation of 42 U.S.C. § 1983

### (Against Defendant City of Huntington Beach)

72.    Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

73.    Plaintiff was deprived of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, as set forth in Claims I, II, III, IV, and V.

74.    Defendant City of Huntington Beach maintains unconstitutional policies, customs, or practices that directly caused these deprivations.  Specifically, the City failed to adequately train, supervise, and discipline its police officers regarding: (a) The clearly established First Amendment right of citizens to record police activity in public forums; (b) The strict Fourth Amendment standards governing warrantless arrests and the mandatory requirement of objective probable cause; and (c) The mandatory duty of law enforcement officers to safeguard and arrange alternative care for dependent minor

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

children left unattended in the custody of an arrested individual.

75.     The absolute inadequacy of the City's training and supervision is demonstrated by the official administrative finding issued by Chief Eric Parra on December 17, 2025, which officially "Sustained" the finding that Officer Munoz and Officer Swain violated department policy by abandoning Plaintiff's children.

76.     Upon information and belief, Defendant Officer Swain had a known history of prior discipline and aggressive misconduct from another police department.  The City of Huntington Beach acted with deliberate indifference by failing to adequately investigate Officer Swain's background before hiring him and failing to adequately supervise him despite knowledge of his prior aggressive tendencies.

77.     The City's systematic failure to train and supervise its officers on these fundamental constitutional limits amounts to deliberate indifference.  It was highly predictable and obvious that failing to train and supervise officers on the right to record, probable cause standards, and childcare protocols would result in severe constitutional violations of the exact type suffered by Plaintiff.

78.     In addition, Defendant City of Huntington Beach is independently liable under a ratification theory of municipal liability.  On December 17, 2025, Chief Eric Parra, acting as the final, authorized policy-making official for the City of Huntington Beach and its police department regarding personnel discipline and internal investigations, affirmatively ratified the unconstitutional conduct of Officer Munoz and Officer Swain.  Specifically, Chief Parra officially classified the allegation concerning the unjustifiable arrest as "Unfounded."  By accepting, validating, approving, exonerating, and clearing the officers' fabricated accounts of probable cause despite the objective lack thereof, Chief Parra approved both the subordinate officers' unconstitutional actions and the false basis upon which they were predicated.  This affirmative approval by a final policymaker directly transforms the officers' individual constitutional violations into the official policy and custom of the City of Huntington Beach.

79.     These deficient policies, customs, and practices were the moving force

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

behind Plaintiff's injuries.  But for the City's inadequate policies, training, and supervision, the constitutional violations and the subsequent trauma and damages to Plaintiff and his family would not have occurred.

## CLAIMS FOR RELIEF (STATE)

### Claim VIII – False Arrest and False Imprisonment (Cal. Civ. Code § 43)

#### (Against All Defendants)

80.    Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

81.    Defendants Officer Munoz, Officer Swain, and DOES 1-10 intentionally, forcibly, and completely restrained, handcuffed, and detained Plaintiff against his will, removing him to a police vehicle and subsequently transporting him to a police holding facility where he was incarcerated for several hours.  Plaintiff was fully conscious and aware of the confinement throughout the arrest and incarceration.

82.    The restraint and confinement were entirely without lawful justification, warrant, or probable cause, as Plaintiff had committed no crime and was acting lawfully on a public beach.  The arrest was carried out to retaliate against and punish Plaintiff for lawfully and compliantly exercising his First Amendment rights in a public forum.

83.    At all times mentioned herein, Defendants Officer Munoz, Officer Swain, and DOES 1-10 were acting within the course and scope of their employment as sworn peace officers for Defendant City.  Consequently, Defendant City is vicariously liable for the tortious acts, omissions, and statutory and constitutional violations of its officers committed within the course and scope of their employment pursuant to Cal. Gov't Code § 815.2 and Cal. Civ. Code § 2338.

84.    As a direct and proximate result of Defendants' false arrest and false imprisonment, Plaintiff suffered an unlawful deprivation of liberty, public humiliation, severe anxiety, and emotional distress.

19

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

**Claim IX – Battery**

(Against All Defendants)

85.     Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

86.     Defendants Officer Munoz, Officer Swain, and DOES 1-10 intentionally touched Plaintiff in a harmful and offensive manner during the detention and arrest. Despite Plaintiff being fully compliant, non-threatening, and offering no resistance whatsoever, Defendants utilized unnecessary physical aggression by roughly grabbing Plaintiff by the shoulders, aggressively slamming and slapping handcuffs against his wrists, and forcefully pulling and jerking him up from the ground while rushing him to a police vehicle.  All of the aforementioned intentional physical touching of Plaintiff by defendant officers was non-consensual as Plaintiff never consented to any physical contact or touching by any defendant herein and a reasonable person would find the aforementioned contact offensive and harmful.  The force used by the defendant officers was intentional, unreasonable, and excessive.

87.     A law enforcement officer who utilizes unreasonable, excessive force or executes a harmful touching during an arrest without a warrant or probable cause is liable for battery. Defendants' use of physical force was wholly unreasonable and excessive under the circumstances.

88.     At all times mentioned herein, Defendants Officer Munoz, Officer Swain, and DOES 1-10 were acting within the course and scope of their employment as sworn peace officers for Defendant City.  Consequently, Defendant City is vicariously liable for the tortious acts, omissions, and statutory and constitutional violations of its officers committed within the course and scope of their employment pursuant to Cal. Gov't Code § 815.2 and Cal. Civ. Code § 2338.

89.     As a direct and proximate result of Defendants' intentional, aggressive, unreasonable, excessive, and offensive touching, Plaintiff suffered physical pain,

20

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

suffering, and discomfort, as well as violation of his personal dignity, severe public humiliation, and emotional distress.

## Claim X – Intentional Infliction of Emotional Distress

(Against All Defendants)

90.    Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

91.    Defendants Officer Munoz, Officer Swain, and DOES 1-10 engaged in extreme and outrageous conduct that exceeds all bounds of decency in a civilized society. Defendants forcefully seized Plaintiff and confiscated his phone without legal justification, explicitly doing so while Plaintiff repeatedly and vehemently warned them that he was the sole adult supervisor responsible for three young children on the beach (ages 12, 12, and 14).

92.    In response to Plaintiff's urgent pleas to arrange care or contact the children's families, Defendant Officer Munoz hostilely and cynically stated "I don't care," and defendants proceeded to maliciously abandon the three minor children unattended on a highly crowded public beach without supervision, financial resources, or any knowledge of their supervisor's location.  This extreme conduct was officially sustained by Chief Parra as a direct violation of department policy.

93.    Defendants acted with reckless disregard for the probability of causing severe emotional distress.  They knew that forcibly removing the sole adult supervisor and abandoning young children in public would cause severe, paralyzing emotional trauma to both Plaintiff and the minors.  Defendant Officer Munoz's statement "I don't care" explicitly confirms this reckless, malicious state of mind.

94.    At all times mentioned herein, Defendants Officer Munoz, Officer Swain, and DOES 1-10 were acting within the course and scope of their employment as sworn peace officers for Defendant City.  Consequently, Defendant City is vicariously liable for

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

the tortious acts, omissions, and statutory and constitutional violations of its officers committed within the course and scope of their employment pursuant to Cal. Gov't Code § 815.2 and Cal. Civ. Code § 2338.

95.    Plaintiff suffered severe and profound emotional distress.  The experience of being forcefully separated from the children, not knowing whether they possessed cellular phones to call for assistance, knowing they were completely abandoned in a vast public space without adult supervision, and remaining in total ignorance regarding their immediate well-being, safety, physical condition, and whereabouts caused Plaintiff to suffer severe emotional distress, overwhelming worry, paralyzing anxiety, and a profound fear of imminent harm coming to the children.  Plaintiff continues to suffer lasting psychological trauma, anxiety, and distress to this day.

### Claim XI – Negligence (Affirmative Creation of Peril)

(Against All Defendants)

96.    Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

97.    Defendants Officer Munoz, Officer Swain, and DOES 1-10, as sworn police officers, owed a fundamental duty of care to act reasonably and to refrain from causing foreseeable injury to individuals during the performance of their duties.

98.    Under California law, law enforcement officers owe an affirmative duty of care to protect individuals when the officers' affirmative acts place a person in peril or significantly increase the risk of harm.

99.    Defendants breached this duty of care through their affirmative acts and omissions.  By executing an unlawful arrest of Plaintiff, the sole supervising adult, and consciously refusing to arrange alternative care or transfer custody of the minor children to a responsible party, Defendants' affirmative actions directly placed the minor children (ages 12, 12, and 14) in immediate peril and severely increased their risk of harm,

22

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

abandonment, and abduction on a crowded public beach.

100. The administrative finding by the Huntington Beach Police Department confirming that the officers' actions directly violated department childcare policies further establishes that Defendants breached the accepted standard of care.

101. At all times mentioned herein, Defendants Officer Munoz, Officer Swain, and DOES 1-10 were acting within the course and scope of their employment as sworn peace officers for Defendant City. Consequently, Defendant City is vicariously liable for the tortious acts, omissions, and statutory and constitutional violations of its officers committed within the course and scope of their employment pursuant to Cal. Gov't Code § 815.2 and Cal. Civ. Code § 2338.

102. Defendants' breach was the direct and proximate cause of severe injuries. Plaintiff suffered profound emotional distress, agonizing worry, and anxiety regarding the safety of the children. Additionally, the minor children in Plaintiff's care suffered severe emotional distress, trauma, fear, panic, and recurring nightmares regarding abandonment, which in turn further exacerbated and aggravated the harm and damages sustained directly by Plaintiff himself.

### Claim XII – Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1)

(Against All Defendants)

103. Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

104. Defendants Officer Munoz, Officer Swain, and DOES 1-10 intentionally interfered with Plaintiff's exercise and enjoyment of rights secured by the Constitution of the United States and the Constitution and laws of the State of California. Specifically, Defendants interfered with Plaintiff's First Amendment right to record police activity, his Fourth Amendment right to be free from unreasonable seizure and excessive force, and his constitutionally protected due process right to be free from criminal investigations and

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

prosecutions driven by fabricated evidence under the Fourteenth Amendment.  Plaintiff was deprived of his rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

105.   The defendant officers accomplished this interference through the explicit use of threats, intimidation, and coercion.  Defendant officers used aggressive physical force to restrain Plaintiff, roughly grabbed his shoulders, slammed handcuffs onto his wrists, confiscated his personal property, and subjected him to an unlawful, coercive arrest designed to intimidate him and deter him from exercising his constitutional rights.

106.   At all times mentioned herein, Defendants Officer Munoz, Officer Swain, and DOES 1-10 were acting within the course and scope of their employment as sworn peace officers for Defendant City.  Consequently, Defendant City is vicariously liable for the tortious acts, omissions, and statutory and constitutional violations of its officers committed within the course and scope of their employment pursuant to Cal. Gov't Code § 815.2 and Cal. Civ. Code § 2338.

107.   As a direct and proximate result of Defendants' violation of the Bane Act, Plaintiff suffered an unlawful loss of liberty, violation of his civil rights, public humiliation, and severe emotional distress.

### Claim XIII – Negligent Hiring, Training, and Supervision

(Against Defendant City of Huntington Beach and DOES 1-10)

108.   Plaintiff incorporates by reference each and every allegation contained in the Jurisdictional, Venue, Parties, and Factual sections of this Complaint as though fully set forth herein.

109.   Defendant City of Huntington Beach and DOES 1-10 are responsible for the hiring, background vetting, training, instruction, and supervision of its police officers, including Defendants Officer Munoz, Officer Swain, and DOES 1-10.

110.   The City and DOES 1-10 negligently breached their duty by failing to adequately train and supervise their officers regarding the First Amendment right to

24

record police activity, Fourth Amendment standards for warrantless arrests, and the mandatory policy requirements to protect and arrange custody for dependent minor children. Additionally, defendants negligently failed to properly train and supervise their officers, including Defendants Officer Munoz, Officer Swain, and DOES 1-10 regarding citizens' Due Process rights under the Fourteenth Amendment to the United States Constitution, namely the right to be free from criminal investigations and prosecutions driven by fabricated evidence under the Fourteenth Amendment.

111. Defendants further acted negligently by failing to adequately investigate Officer Munoz's and Officer Swain's backgrounds before hiring them and failing to adequately supervise or discipline them. This is especially true for Officer Swain where Plaintiff is informed and believes that Defendants had actual or constructive knowledge that he possessed a prior history of discipline, forced transfers, and/or aggressive misconduct at a previous police department.

112. As a direct and proximate result of the Defendants' negligent hiring, training, and supervision, Defendants Officer Munoz, Officer Swain, and DOES 1-10 were permitted to act with aggressive impunity, which resulted in Plaintiff suffering violations of his rights guaranteed under the First, Fourth, and Fourteenth Amendments to the United States Constitution and applicable cognates under the California State Constitution, directly causing Plaintiff's unlawful arrest, the destruction of evidence, and the traumatic abandonment of the minor children. As a direct and proximate result of the aforementioned violations, derelictions, negligence, and failures of the Defendants, Plaintiff suffered severe physical, emotional, and constitutional injuries. Plaintiff suffered, and continues to suffer, profound physical pain and suffering, acute physical discomfort, and severe emotional distress. The conduct of Defendants instilled in Plaintiff a paralyzing fear, accompanied by ongoing, debilitating worry, anxiety, and deep humiliation. Additionally, Plaintiff suffered a total deprivation and loss of liberty through unlawful restraint, alongside a permanent loss of personal property resulting from the intentional destruction of vital evidence seized from Plaintiff's possession.

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and each of them, as follows:

1. For compensatory and general damages against Defendants Officer Munoz, Officer Swain, and DOES 1-10 jointly and severally, and against Defendant City of Huntington Beach (pursuant to its direct *Monell*/municipal liability and state law direct and vicarious liability), in an amount to be determined at trial according to proof, for pain and suffering, physical discomfort, loss of liberty, severe emotional distress, overwhelming worry, panic, anxiety, shock, fright, indignity, invasion of privacy/invasion of bodily integrity, inconvenience, public humiliation, constitutional deprivations, and loss of enjoyment of life;

2. For special and economic damages against all Defendants, in an amount to be determined at trial according to proof, for financial losses including out-of-pocket expenses and lost wages and time missed from work resulting from the fabricated criminal proceedings;

3. For punitive and exemplary damages against Defendants Officer Munoz, Officer Swain, and DOES 1-10 in their individual capacities, in an amount to be determined at trial, for their malicious, oppressive, and reckless conduct, and their explicit, bad-faith disregard for the safety of the minor children, sufficient to punish said Defendants and deter similar conduct in the future;

4. For statutory damages and civil penalties pursuant to the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1) against all named Defendants including treble damages pursuant to Cal. Civ. Code §§ 52, 52.1;

5. For injunctive relief requiring Defendant City of Huntington Beach to implement comprehensive, mandatory policies, training, and supervision protocols to prevent future violations of civil rights, specifically addressing the public's right to record law enforcement activity and an officer's affirmative duty to safely protect and arrange alternative care for dependent minor children

26

left unattended by an arrestee;

6. For declaratory relief declaring that Defendants' acts, omissions, policies, and practices as described herein violated Plaintiff's rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California;

7. For evidentiary and spoliation sanctions pursuant to Fed. R. Civ. P. 37, including an adverse inference jury instruction directing that the video recording intentionally deleted from Plaintiff's cellular phone while in Defendants' exclusive custody was unfavorable to Defendants and would have proven their lack of probable cause and unprovoked aggression, as well as monetary sanctions;

8. For attorneys' fees and costs pursuant to 42 U.S.C. § 1988, California Civil Code § 52.1, and any other applicable fee-shifting statutes, including expert witness fees and all allowable costs of suit;

9. For prejudgment and post-judgment interest at the maximum legal rate permitted by law from the date of the underlying injury until paid; and

10. For such other and further relief as this Court deems just, proper, and equitable under the circumstances.

///

///

///

///

///

///

///

///

///

///

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues and claims so triable in this action.

Dated: June 29, 2026

**MKRTYCHAN LAW, APC**


    */s/ Simon Mkrtychan*
Simon Mkrtychan, Esq.
**ROBERT STANFORD BROWN, APC**
Robert Stranford Brown, Esq.

Attorneys for Plaintiff,
Gabriel Frank Sais

COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF