**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

GABRIEL FRANK SAIS, an individual,

Plaintiff,

v.

CITY OF HUNTINGTON BEACH, a municipal corporation; OFFICER MUNOZ, in his individual and official capacities; OFFICER SWAIN, in his individual and official capacities; and DOES 1-10 inclusive,

Defendants.

Case No. 8:26-cv-01676-JWH-KES

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [ECF No. 14]**

Before the Court is the motion of Defendants City of Huntington Beach, Officer Munoz, and Officer Swan to dismiss the operative Complaint of Plaintiff Gabriel Frank Sais.[1] Sais opposes Defendants' Motion.[2]

The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition, the Court orders that Defendants' Motion is **DENIED without prejudice** and that Sais is **GRANTED leave to amend** his Complaint, for the reasons set forth below.

Sais asserts 13 claims for relief stemming from interactions with officers of the Huntington Beach Police Department that commenced on a public beach.[3] Defendants move to dismiss Sais's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[4] In his Opposition, Sais requests leave to amend his pleading if the Court rules in favor of Defendants on any claim.[5]

In view of the Court's limited judicial resources, it is loath to adjudicate serial motions to dismiss Sais's claims. Instead, the Court will direct the parties to engage in a rigorous L.R. 7-3 Conference of Counsel and will grant Sais leave to file an amended pleading. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (instructing lower courts that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" and that "[t]his policy is 'to be applied with extreme liberality'") (citation and quotation omitted). The Court suggests that Sais take this opportunity to consider

---

[1] Defs.' Mot. to Dismiss (the "<u>Motion</u>") [ECF No. 14].

[2] Pl.'s Opp'n to the Motion (the "<u>Opposition</u>") [ECF No. 19].

[3] *See generally* Compl. (the "<u>Complaint</u>") [ECF No. 1].

[4] *See generally* Motion.

[5] Opposition 2:22-23 & 10:18-19.

carefully Defendants' criticism of his current pleading and to present his best pleaded claims, as the Court will be unlikely to grant further leave to amend.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Sais's instant Motion to dismiss [ECF No. 14] is **DENIED without prejudice**.

2. The parties are **DIRECTED** forthwith to engage in an additional L.R. 7-3 Conference of Counsel regarding the alleged infirmities in Sais's Complaint.

3. Sais is **DIRECTED** to file an amended pleading, if at all, no later than October 9, 2026. If Sais chooses to file an amended pleading, then he is also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to Complaint that provides the Court with a redline version showing the amendments.

4. Defendants are **DIRECTED** to file their respective responses to Sais's operative pleading no later than October 30, 2026.

5. The Scheduling Conference is **RESET** for December 11, 2026, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: September 22, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE